IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Criminal Action No. 3:07CR41-4
                                        (JUDGE BAILEY)

BEN VAZQUEZ-ESCALARA,

        Defendant.

## REPORT AND RECOMMENDATION
## THAT DEFENDANT'S ORIGINAL JUDGMENT BE VACATED AND REENTERED
## SO THAT A NOTICE OF APPEAL CAN BE FILED

### I. INTRODUCTION

On March 20, 2008, Defendant filed a Motion for Equitable Tolling to Be Applied to the Filing of This Notice of Appeal because counsel failed to timely file a Notice of Appeal.[1] By Order dated May 2, 2008, this Court directed the Government to respond to defendant's motion, appointed counsel for the defendant, and set an evidentiary hearing.[2] The Government filed its Response to defendant's Motion on May 9, 2008.[3] Defendant filed a Reply on June 6, 2008.[4]

An evidentiary hearing was held June 12, 2008. Testimony was taken from defendant's sister, Ms. Elizabeth Peterson, defendant, and defendant's former counsel, William Gruel, Esquire.

---

[1] Docket No. 141

[2] Docket No. 152

[3] Docket No. 161

[4] Docket No. 167

## II. FACTS

Defendant signed a plea agreement on September 17, 2007, agreeing to plead guilty to Count 8 of the Indictment, charging him with possession with intent to distribute approximately 58 grams of cocaine base, also known as "crack," in violation of Title 21, United States Code, Section 841(a)(1). The plea hearing was held on September 26, 2007. A few days before sentencing, defendant and Mr. Gruel met at the Eastern Regional Jail. Included in their discussions of the upcoming sentencing hearing was the issue of appeal. Mr. Gruel testified that during this discussion, he told defendant that if he filed an appeal, the plea agreement would be breached and their might be consequences; there is a ten year statutory minimum sentence; appealing would not be in defendant's best interest.

Petitioner's sentencing hearing was held on December 12, 2007 before the Honorable, John P. Bailey, United States District Judge. Near the conclusion of the hearing, Judge Bailey asked the defendant if he wanted the Clerk of Court to file a Notice of Appeal on his behalf. The defendant testified that he responded, "No." Mr. Gruel testified that defendant "said something" or indicated with is body that he wanted to speak with counsel before answering. Mr. Gruel further testified that defendant asked him if he should have the Clerk file an Appeal. Mr. Gruel told defendant that he gave up his right to appeal by signing the plea agreement and that because there is a ten year statutory imposed minimum sentence, defendant should not file an appeal. Mr. Gruel testified that after this interchange, defendant told Judge Bailey that he did not want to file an appeal. Judge Bailey proceeded, stating that if defendant felt that he had retained any rights to appeal that he had ten days in which to file an appeal.

At the conclusion of the sentencing hearing, defendant testified that he turned to Mr.

2

Gruel and asked him to file an appeal. Further, defendant testified that Mr. Gruel proceeded to state why he believed there was no merit to an appeal. Defendant told Mr. Gruel to "forget about it." Defendant testified that Mr. Gruel then stated that he would look into filing a Rule 35. Conversely, Mr. Gruel testified that neither he, nor the defendant spoke to one another at the conclusion of the sentencing hearing.

It is undisputed that Mr. Gruel ceased contact with the defendant after the sentencing hearing.

Defendant testified that after the sentencing hearing, and while he was still held at the Eastern Regional Jail, he tried to call Mr. Gruel to inquire about the status of the Rule 35 and the filing of a Notice of Appeal. Defendant testified that Mr. Gruel did not accept his telephone call the first time. Specifically, defendant testified that Mr. Gruel picked up and hung up. Defendant testified that the second time he called Mr. Gruel, Mr. Gruel's phone was likely off because the call went straight to voicemail. Defendant called four or five more times in succession with the same result. Mr. Gruel testified that it was possible that Mr. Vazquez called him.

In less than a week after the sentencing hearing, defendant testified that he was transferred from the Eastern Regional Jail to a facility in Youngstown, Ohio. Defendant testified that he was unable take any belongings or documents with him when he was transferred. While at the facility in Younstown, Ohio, defendant testified that he wrote his sister, Elizabeth Peterson, asking her to contact Mr. Gruel to find out about the status of defendant's appeal.

Ms. Peterson testified that she had received letters from her brother while he was incarcerated, and that her brother, in one letter, asked her to contact Mr. Gruel. Ms. Peterson testified that the letter asked her to find out from Mr. Gruel the status of defendant's appeal and

to ask what she could do to help her brother. Ms. Peterson did not have the letters in front of her and could not recall the date that this specific letter was written. Ms. Peterson testified that it was in the Fall of 2007–September, October, November, or maybe later. Ms. Peterson testified that she complied with her brother's request and called Mr. Gruel. However, Ms. Peterson's call went to Mr. Gruel's voicemail. Ms. Peterson testified that she left a brief message for Mr. Gruel, asking him to call her back. Mr. Gruel did not contact Ms. Peterson.

### III. DISCUSSION

When a criminal defendant instructs counsel to file an appeal and the appeal is not filed, counsel is considered *per se* ineffective. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000). Additionally, the Fourth Circuit maintains that counsel must file an appeal if asked, "even if doing so would be contrary to the plea agreement and harmful to the client's interests." United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007).

After an evidentiary hearing on whether counsel was instructed to file a Notice of Appeal, Poindexter requires the Court to determine, whether the defendant unequivocally instructed his attorney to file a Notice of Appeal or, if his attorney was not so instructed, the court will determine if petitioner meets his burden of showing that: (1) his attorney had a duty to consult under Roe v. Flores-Ortega, 528 U.S. 470; (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations. Poindexter, 492 F.3d at 273.

This Court finds it difficult to maintain that the defendant gave an unequivocal instruction for Mr. Gruel to file an appeal, because Mr. Vazquez testified that he told Mr. Gruel to "forget about it." Nevertheless, this Court does find that the defendant has met his three prong

4

burden under Poindexter.

The first prong requires a showing that an attorney had a duty to consult under Roe v. Flores-Ortega. Accordingly, Roe v. Flores-Ortega states that "counsel has a constitutionally imposed duty to consult with [a] defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. 528 U.S. at 480.

Mr. Gruel made it abundantly clear that he believes a rational defendant would not want to appeal because, as Mr. Gruel reads the plea agreement, defendant waived his right to appeal and the statutory minimum sentence is non-negotiable. However, Mr. Gruel had a duty to consult with this defendant about an appeal because there was reason to believe that this particular defendant demonstrated an interest in appealing. Defendant expressed his interest in appealing on at least two occasions. The first was during defendant and Mr. Gruel's meeting prior to the sentencing hearing. The second occurred on the day of the sentencing hearing. While there is conflicting testimony on what transpired on this day, either account evidences that defendant had an interest in appealing. This requires counsel to consult. If Mr. Gruel's recollection is accepted, where defendant spoke with counsel during the hearing about filing an appeal, then it demonstrates defendant's uncertainty in whether to file. Mr. Gruel had not yet been discharged, so there would be no reason for defendant to want the Clerk to file a Notice of Appeal when Mr. Gruel was still counsel of record, familiar with defendant's case, and capable of filing an Appeal. If defendant's recollection is accepted, where filing an appeal was discussed at the conclusion of the hearing and, in frustration, defendant told counsel to forget about it, then it demonstrates that defendant was upset and a uncertain of how to proceed with the issue of

appeal. Because defendant continued to bring up the appeal issue, a reasonable attorney would think that this particular defendant was interested in filing an appeal, despite the fact that the attorney viewed it as an unwise move.

The second prong requires a showing that counsel failed in his consultation obligations. The Supreme Court notes that "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Roe v. Flores-Ortega, 528 U.S. at 477. However, the Seventh Circuit observed that no court has ever held that "a defendant who initially indicates that he does not wish to appeal cannot reasonably expect counsel's assistance if the defendant has a change of heart before the window to file an appeal closes." Corral v. United States, 498 F.3d 470, 473 (7th Cir. 2007). Specifically, the Seventh Circuit held that defense counsel should remain reasonably available to his client during the ten-day window for filing a Notice of Appeal. Id. at 474.

This Court finds that counsel did not remain reasonably available to defendant. Upon Mr. Gruel's own admission, he ceased all contact with defendant at the conclusion of the sentencing hearing. Mr. Gruel did not even mail a copy of the Judgment and Commitment Order to defendant. Defendant, on the other hand, placed two phone calls to Mr. Gruel after the sentencing hearing–one that Mr. Gruel did not accept and another where reaching him proved impossible. Elizabeth Peterson, defendant's sister, also placed a call to Mr. Gruel, which he never returned. Even Mr. Gruel admits that it was possible that the defendant called him during the ten-day period. Therefore, the court finds that counsel did not remain reasonably available to defendant during the ten-day period in which to file an appeal. This Court does not believe that counsel should have maintained a ten-day vigil with his telephone. Nevertheless, because there

6

was reason to believe that this defendant may want to appeal, and Mr. Gruel did not contact defendant or accept or return phone calls from defendant and his sister, counsel failed in his obligations to consult.

The final prong requires a showing that defendant was prejudiced by his attorney's failure to fulfill his consultation obligations. In this regard, prejudice is simply shown because counsel's failure to fulfill his obligations deprived defendant of his procedural right to file a Notice of Appeal. See United States v. Peak, 992 F.2d 39, 41-42 (4th Cir. 1993).

Defendant has met his burden in showing all three prongs of the Poindexter test.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that defendant's original judgment be vacated and new judgment entered from which an appeal can be taken. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June 27, 2008

   /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE