# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,                  **CRIMINAL ACTION NO. 3:07-CR-41-4**
                                                               (BAILEY)

v.

**BEN VASQUEZ-ESCALARA,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Order dated April 30, 2008 [Doc. 149], this action was referred to Magistrate Judge Seibert for submission of proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on June 27, 2008 [Doc. 177]. In that filing, the magistrate judge recommended that this Court order the defendant's Judgment and Commitment Order be vacated and new judgment be entered from which appeal can be taken.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1);

***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). No objections have been filed by either party. Accordingly, this Court will review the R & R for clear error.

On September 17, 2007, the defendant signed a plea agreement by which he agreed to plead guilty to Count 8 of the Indictment in violation of Title 21 § 841(a)(1), possession with intent to distribute 58 grams of cocaine base. The defendant did not file an appeal of his conviction or sentence. The defendant claims he requested a notice of appeal be filed on his behalf, but that his attorney failed to do so.

On March 20, 2008, the defendant filed a Motion for Equitable Tolling to Be Applied to the Filing of This Notice of Appeal [Doc. 141] alleging that counsel failed to timely file a Notice of Appeal. Magistrate Judge Seibert set an evidentiary hearing for May 12, 2008, to determine whether the defendant requested his attorney to file an appeal and whether counsel ignored or refused such instructions. Magistrate Judge Seibert found that the defendant met his burden in showing all three prongs of the ***Poindexter*** test. *See **United States v. Poindexter***, 492 F.3d 263, 273 (4th Cir. 2007). Therefore, he recommended that the defendant should be afforded the opportunity to file his notice of appeal.

Having reviewed the record and the magistrate judge's R & R, it is the opinion of this Court that the recommendations of Magistrate Judge Seibert **[Doc. 177]** should be, and are, hereby **ORDERED ADOPTED** for reasons more fully stated in that report. Accordingly, the Court hereby **VACATES** the defendant's original judgment [Doc. 122] and **DIRECTS** the United States Probation Office to prepare a new Judgment and Commitment Order, thereby reinstating the 10-day window in which the defendant may file a direct appeal. As a final matter, the Motion for Equitable Tolling to Be Applied to the Filing of This

Notice of Appeal **[Doc. 141]** is hereby **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to the United States Probation Office and to mail a true copy to the defendant.

**DATED**: July 11, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE